IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| YOLANDA TUCKER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-19-4408 |
| | § | |
| HARRIS COUNTY HOSPITAL | § | |
| DISTRICT d/b/a HARRIS HEALTH | § | |
| SYSTEM, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION GRANTING THIRD MOTION TO DISMISS**

This is an age-discrimination case. After several pleading attempts, the plaintiff, Yolanda Tucker, has failed to address the deficiencies in ways that make it clear that she cannot allege a plausible claim that her employer, the Harris County Hospital District, violated the federal Age Discrimination in Employment Act, 29 U.S.C. §§ 621–34. For the reasons set out in detail below, the court grants Harris Health's Third Motion to Dismiss, (Docket Entry No. 22), and, because amendment would be futile, dismisses this case with prejudice.

**I.     Background**

The facts set out in this summary are drawn from Tucker's Second Amended Complaint, with the plausible factual allegations taken as true for the purpose of this motion. Tucker, who was 52 when she filed suit, had worked for Harris Health since 1993. (Docket Entry No. 20 at ¶¶ 3–4). She sued in state court in September 2019, and Harris Health timely removed under federal question removal jurisdiction. (Docket Entry No. 1). Tucker amended to delete claims under the Fair Labor Standards Act and under Title VII, stipulating that she had failed to exhaust as Title VII requires. (Docket Entry No. 23 at 3). She limited her claims to age discrimination in

violation of the ADEA, based on conduct after August 3, 2018. (Docket Entry No. 19). Her second amended complaint alleges the following discriminatory acts:

- Harris Health "intentionally subjected Tucker to abusive working [conditions] by requiring her to perform her work duties under circumstances and under a supervisor who uttered malicious and belittling statements to her on account of her age." (Docket Entry No. 20 at ¶ 14).

- Harris Health "structured the workplace where Tucker performed her duties to render it difficult or impossible for Tucker to effectively perform her workplace duties." (*Id.* at ¶ 16).

Tucker attempts to elaborate on these broad allegations by alleging the following incidents:

- In mid to late 2019, Tucker had to participate in a workplace "game" based on children's stories, including themes such as Frozen and present-day children's cartoons or shows. Because she had grown children and was not familiar with more recent children's genres, Tucker scored fewer points during the game. (*Id.* at ¶ 9).

- Rumors circulated that Tucker was going to retire by the end of 2019. (*Id.*).

- Tucker was unnecessarily retrained twice, once by a younger employee at Valbona Clinic that required Tucker to wait the entire day, and once concerning the use of home oxygen. (*Id.*).

- Tucker's supervisor, Krystal Gammara, commented on Tucker's asthma by stating, "Yolanda you are barely moving air." (*Id.* at ¶ 10).

- Harris Health "failed and refused to take into account [Tucker's] age and experience in assigning her work positions and opportunities for employment accorded younger and less favorable accomplished employees." (*Id.* at ¶ 11).

- Harris Health did not "grandfather" employees holding bachelor's degrees in Social Work into professional positions. (*Id.*).

- Harris Health "accorded her frequent and repeated demands and requests for job relocations and raises and/or promotions accorded to younger employees." (*Id.* at ¶ 12).

- Harris Health modified its procedures for clocking in and out "to [Tucker's] detriment in favor of younger employees." (*Id.*).

With the exception of the "game" incident, Tucker's complaint does not specify when these acts occurred. (*See id.* at ¶ 9).

Harris Health moves to dismiss the second amended complaint. Tucker has responded. (Docket Entry Nos. 22, 23). Each argument and response is examined below.

## II.     The Applicable Legal Standards

### A.     Motion to Dismiss

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

The court should generally give a plaintiff at least one chance to amend under Rule 15(a) before dismissing the action with prejudice, unless it is clear that to do so would be futile. *See Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 232 (5th Cir. 2012); *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006) ("[Rule 15(a)] evinces a bias in favor of granting leave to amend.") (quotation omitted); *Great Plains Tr. Co. v. Morgan Stanley Dean*

*Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). "Whether leave to amend should be granted is entrusted to the sound discretion of the district court." *Pervasive Software*, 688 F.3d at 232.

In considering a motion to dismiss for failure to state a claim, the court is to consider "the contents of the pleadings, including attachments." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Documents attached to a motion to dismiss are "considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the] claim." *Id.* at 498–99 (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). The court may also "take judicial notice of matters of public record." *Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007).

### B. Age Discrimination and Hostile Work Environment

The Age Discrimination in Employment Act ("ADEA") makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1); *see Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 141 (2000). An employee who is at least 40 years old cannot be subjected to an adverse employment action because of the employee's age. 29 U.S.C. § 631(a); *see Rutland v. Moore*, 54 F.3d 226, 228 (5th Cir. 1995) (citing 29 U.S.C. §§ 623(a), 631(a)). The *prima facie* elements of an age-discrimination claim are that the plaintiff: (1) is within the protected class; (2) is qualified for the position; (3) suffered an adverse employment decision; and (4) was replaced by someone younger or treated less favorably than similarly situated younger employees. *Leal v. McHugh*, 731 F.3d 405, 410–11 (5th Cir. 2013) (citing *Smith v. City of Jackson*, 351 F.3d 183, 196 (5th Cir. 2003)).

To state a *prima facie* hostile work environment claim under the ADEA, a plaintiff must allege facts showing that: (1) she was over the age of 40; (2) she was subjected to harassment, either through words or actions, based on age; (3) the nature of the harassment was such that it created an objectively intimidating, hostile, or offensive work environment; and (4) there exists some basis for liability on the part of the employer. *Dediol v. Best Chevrolet, Inc.*, 655 F.3d 435, 441 (5th Cir. 2011).

### III.　Analysis

#### A.　Rule 12(b)(6) or Rule 56

Tucker states in her response that she "serves notice of her intent to rely on materials not on file with the court, in support of her response. These materials include all documents furnished to defendant in plaintiff's response to the court's order directing exchange of documents between the parties, including without limitation, all documents relevant to or which may lead to discovery of relevant documents in the assertion of claims by plaintiff." (Docket Entry No. 23 at 1). This statement does not serve as a basis for the court to convert the motion to dismiss into one for summary judgment. Tucker neither cites nor attaches documents beyond the pleadings. She adds only one piece of information to her response that was not alleged in the pleadings: that in a celebration of her 25 years of service, all were "celebratory" except her two supervisors, who did attend but who said they were unaware of the service anniversary, and that in 2018, when Tucker told one of the supervisors that she was not feeling well, the supervisor responded "well, you do still have your appendix." (*Id.* at 2–3).

Even considering these additions, there is no basis to convert this motion to one for summary judgment. The standards for dismissal on the pleadings are applied, and the court

5

limits its consideration to the pleadings and the documents properly included in a motion to dismiss.

B.  **Prima Facie Case**

Tucker's factual allegations, taken separately and together, fail to make a prima facie showing that she was subjected to harassment based on her age and that the harassment created an objectively intimidating, hostile, or offensive work environment. *See, e.g.*, *Stancu v. Hyatt Corp./Hyatt Regency Dall.*, 791 F. App'x 446, 452 (5th Cir. 2019) (an employee must show harassment based on age that created an "objectively intimidating, hostile, or offensive work environment") (quoting *Dediol*, 655 F.3d at 435). Nor has she made a prima facie showing of age discrimination. *See, e.g.*, *Leal v. McHugh*, 731 F.3d at 410–11 (an age-discrimination claim requires that the plaintiff was replaced by someone younger or treated less favorably than similarly situated younger employees).

Tucker alleges that Harris Health failed to "take into account" her "age and experience in assigning her work positions and opportunities for employment accorded younger and less favorable accomplished employees." (Docket Entry No. 20 at ¶ 11). Similarly, she alleges that Harris Health "accorded her frequent and repeated demands and requests for job relocations and raises and/or promotions accorded to younger employees." (Id. at ¶ 12). To the extent these allegations suggest that Harris Health should have given Tucker favored treatment because of her age, there is no support in the case law. To the extent this alleges that Harris Health discriminated in favor of younger, less qualified employees in assigning work, it is too conclusory to be plausible. There are no allegations of any work assignments or positions or locations that Tucker sought and failed to get, or for which she should have been considered and was not, and that instead went to younger employees. Nor is there any allegation of why any of

6

these employees was less qualified than Tucker. This is information that was available to Tucker; she knows what she applied for and when, and did not get. She knows who did receive the positions, and whether they were younger and less experienced. Yet despite two prior pleading attempts, she has not pleaded these allegations sufficiently to state a prima facie case.

Tucker also alleges that she faced "abusive working condition[s]," including "a supervisor who uttered malicious and belittling statements to her on account of her age." (*Id.* at ¶ 14). She alleges one: a supervisor's statement, about Tucker's asthma, that she was "barely moving air." (*Id.* at ¶ 10). This is on its face unrelated to age and is neither malicious nor belittling. Her response to the motion to dismiss identifies two more. One is that in a staff meeting celebrating Tucker's 25th year of service, her two supervisors, who attended, stated that they did not know it was her service anniversary. (Docket Entry No. 23 at 3). This is neither age related nor malicious or belittling. The second is that one of her supervisors told Tucker, after she complained of not feeling well following a return to work after emergency surgery in 2018, "well, you do still have your appendix." (*Id.*). Again, this is neither age related nor malicious or belittling. Even taking these unpleaded allegations into account as indicating what Tucker might add to her complaint, these fail to state a prima facie case of age discrimination or a hostile work environment.

Finally, the allegations that Harris Health made it "difficult or impossible for Tucker to effectively perform her workplace duties," (Docket Entry No. 20 at ¶ 16), is also too conclusory to contribute to a prima facie showing. The pertinent allegations are the 2019 workplace game that favored those with young children; making Tucker retrain with a younger supervisor; failing to grandfather employees with bachelor's degrees in social work into professional positions; and modifying its procedures for clocking in and out. None is sufficient.

7

The workplace game, according Tucker, disfavored anyone without young children. That applies equally to people with grown children and to people with no children—regardless of age. Requiring an employee to "retrain" on two occasions, or having that done by a younger employee, is not age discrimination, nor has Tucker alleged that she was retrained by younger employees because of her age. There is no allegation as to when Harris Health changed the requirement for employees holding bachelor's degrees, and why it met the criteria for age discrimination. Finally, there is no allegation as to what modifications for clocking in and out were made, what they were, or how they disadvantaged older employees. Again, the allegations fail to approach plausibility and fail to contribute to a prima facie case.

### C. A Plausible Claim for Relief

Although a plaintiff does not have to establish each element of a prima facie case to survive a motion to dismiss, *see Raj v. Louisiana State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013), there is no basis here to find a plausible claim for relief. To determine whether harassment is severe or pervasive, "all of the circumstances must be taken into consideration," including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012) (quoting *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002)). The work environment has to be "both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so." *Id.* (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998)). "[S]imple teasing, offhand comments, and isolated incidents, (unless extremely serious) will not amount to discriminatory

charges." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 347–48 (5th Cir. 2007) (quoting *Hockman v. Westward Comm'cns, LLC¸* 407 F.3d 317, 328 (5th Cir. 2004)).

None of the allegations give any indication of anything but isolated comments or events. Few could even be considered age-related. Except for allegations of denied promotions or assignments, and changes in the treatment of employees with social work degrees and in clocking in and out requirements, none could be considered "severe," and none of the allegations are sufficiently specific to meet this criteria. And there is no indication as to how, if at all, Tucker could not do her job. To the contrary, she alleges that she was qualified for promotions and work assignments that she did not receive. Tucker has not plausibly alleged any treatment that could be considered severe or pervasive, or that she was discriminated against in favor of younger, inexperienced employees. Dismissal is appropriate.

### D. Leave to Amend is Denied as Futile

Tucker has amended twice, since removal. She has consistently failed to plead sufficiently. Her response provides no basis for providing another opportunity to replead, because she fails to indicate added facts beyond those already analyzed above that she could plead if given another amendment opportunity. Because this leads to the conclusion that another amendment would be futile, it is denied.

## IV. Conclusion

Harris Health's motion to dismiss, (Docket Entry No. 22), is granted. This case is dismissed, with prejudice.

SIGNED on March 30, 2020, at Houston, Texas.

_____
Lee H. Rosenthal

Chief United States District Judge